UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES ZIDO, Individually and as
Husband and Wife; JOLENE ZIDO,
Individually and as Husband and Wife,

                Plaintiffs,

  -against-                                    1:05-CV-1128
                                                (LEK/RFT)

WERNER ENTERPRISES, INC.;
MARTHA R. GOODWIN,

                Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

This action arises out of a motor vehicle-pedestrian accident that took place in the Town of Rotterdam, Schenectady County, on March 13, 2004. Plaintiff James Zido ("Plaintiff") was allegedly standing by the guard shack at the entrance road to Rotterdam Industrial Park on the morning of March 13th, when he was struck by a vehicle (freight trailer) owned by Defendant Werner Enterprises, Inc. ("Defendant" or "Werner"), and driven by Martha R. Goodwin ("Defendant" or "Goodwin"). See State Court Summons & Complaint (Dkt. No. 13, Attach. 2) at ¶¶ 4-5. According to the Complaint itself, Zido and his wife ("Plaintiffs") are residents of New York, while Defendant Goodwin is a resident of the State of Georgia, and Defendant Werner is a foreign corporation with its principal place of business in Omaha, Nebraska - although duly

---

[1] For printed publication by the Federal Reporters.

1

authorized to do business in New York.[2]  See id. at ¶¶ 1-3.  The freight trailer had a Nebraska license plate.  See id. at ¶ 6.

Plaintiffs seek damages for, *inter alia*, medical expenses, disability, and personal injury and pain and suffering - for "serious injury" as defined by New York State Insurance Law - as well as loss of consortium, stating that Plaintiffs' damages exceed the jurisdictional amounts of all courts inferior to the New York State Supreme Court.  See id. at ¶¶ 7-9, 12-15.

While the matter was originally brought in New York State Supreme Court, Schenectady County, Defendants successfully removed the matter to this Court as of right in September 2005.  See Dkt. Nos. 1-3.  Plaintiffs have now filed a Motion seeking to have the matter remanded to New York State Supreme Court, Schenectady County.  See Dkt. No. 9.  Defendants oppose remand of this case back to State court, arguing that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and that the case was properly removed to Federal court pursuant to 28 U.S.C. § 1441.

## II. Discussion

Federal courts must have a basis for exercising jurisdiction before they may hear and render judgment in any matter.  Federal jurisdiction is limited, and specified by statute.  For instance, Federal courts exercise jurisdiction in cases that present a federal question (28 U.S.C. § 1331), or in

---

[2] Although Plaintiffs assert that Werner is duly incorporated in New York State, see State Court Summons & Complaint (Dkt. No. 13, Attach. 2) at ¶ 2, that is incorrect.  According to the website of the New York State Department of State, Division of Corporations, Werner is a "Foreign Business Corporation", from the jurisdiction of Nebraska, with its Principal Executive Office located in Omaha, Nebraska.  See N.Y.S. Dep't of State website *at* http://www.dos.state.ny.us ("Search for Corporations or Business Entities" link) (last visited August 17, 2006).  Thus, it appears that Werner is authorized to do business in New York State - with a Registered Agent and address located at 875 Avenue of the Americas, Suite 501, in New York City - but is not incorporated under the laws of New York State.  See id.  There is no issue of dual citizenship in this case.

cases of diversity jurisdiction (28 U.S.C. § 1332). "[W]hether a plaintiff has pleaded a colorable claim 'arising' under the Constitution or laws of the United States,... or a claim between parties of diverse state citizenship that exceeds the required jurisdictional amount, currently $75,000,... are undoubtedly issues of subject matter jurisdiction." Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 363 (2d Cir. 2000) (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946); 28 U.S.C. § 1332(a)). See also Dakari v. Dawson, No. 5:05-CV-1494(NAM), 2006 WL 88659, at *2 (N.D.N.Y. Jan. 11, 2006) (Mordue, D.J.) ("The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000.").

The Court reads and considers the dollar amount of Plaintiffs' claims as contained in the Complaint when considering removal/remand, and will not allow plaintiff to change the amount at later dates for the purpose of frustrating a defendant's attempt to exercise removal. See Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993) (citing, *inter alia*, St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293-94 (1938); Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961)); Fernandez v. Hale Trailer Brake & Wheel, 332 F. Supp. 2d 621, 625 (S.D.N.Y. 2004) (citing Red Cab Co., 303 U.S. at 294; 14B CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3702 n. 48 (3d ed. 1998 & 2004 Supp.)). Although Plaintiffs do not specify a precise dollar amount sought in the instant matter, upon a fair reading of the Complaint it appears that Plaintiffs' claims for damages exceed seventy-five thousand dollars

3

($75,000).³  See State Court Summons & Complaint (Dkt. No. 13, Attach. 2) at ¶¶ 7-9, 12-15.  See also Affirm. of White (Dkt. No. 13, Attach. 1) at ¶ 5; Deft's Mem. of Law in Opp. (Dkt. No. 14) at 3-5.

Plaintiffs argue that this matter does not raise issues of Federal law or Federal question, and therefore this Court should abstain and/or remand the case to State court.  See Plntf's Mem. of Law (Dkt. No. 9, Attach. 4) at 1-3.  However, Plaintiffs are incorrect.  This Court may still hear the matter under *diversity jurisdiction* - the parties are from different States, and the amount in question appears, from a fair reading of the Complaint, to exceed $75,000.  See Fernandez, 332 F. Supp. 2d 621; 28 U.S.C. § 1332.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiffs' Motion for remand to New York State Supreme Court, Schenectady County (Dkt. No. 9) is **DENIED**; and it is further

---

³ The Court notes the provisions of New York Insurance Law, and related case law, under which there is no recovery for non-economic losses (except for "serious injury") or basic economic losses from a vehicular accident if the damages do not exceed fifty thousand dollars ($50,000). "Basic economic loss" means, *inter alia*, up to $50,000.  See N.Y. INS. LAW §§ 5102, 5104; DiPirro v. United States, 43 F. Supp. 2d 327 (W.D.N.Y. 1999), amended by, 189 F.R.D. 60 (W.D.N.Y. 1999).  The Court agrees with Defendants that Plaintiffs' claims of "serious injury" (seeking to recover non-economic losses from personal injury and loss of consortium) along with economic losses from medical expenses and others (going beyond basic economic losses), seek recovery of an amount exceeding the $50,000 statutory amount, and more likely well exceeding $75,000.  See Deft's Mem. of Law in Opp. (Dkt. No. 14) at 3-4.  Altogether, the Court believes that a fair reading of the Complaint results in finding that the amount in controversy is more than the $75,000 jurisdictional limit for Federal courts in diversity cases.

**ORDERED**, that the parties shall contact the chambers of the Honorable Randolph F. Treece, United States Magistrate Judge, for the purpose of rescheduling the Rule 16 Conference originally set for January 18, 2006 (see Dkt. No. 11); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties, along with a courtesy copy to Judge Treece.

**IT IS SO ORDERED**.

DATED:   August 21, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge